No. 46.—A. B. HUGHES, Administrator, v. R. T. STINSON et al.

A judgment rendered by a judge of one of the courts of the State deriving his title and office from the State authorities while the State was in insurrection is legalized by article 149 of the State Constitution adopted in 1868.

A judicial sale, made in conformity with the laws of the State, after the twenty-sixth of January, 1861, is legalized by article 149 of the Constitution adopted in 1868.

APPEAL from the Tenth Judicial District Court, parish of Bossier. Weems, J. Snider & Griffin, for plaintiff and appellee. R. W. Turner, for defendants and appellants.

TALIAFERRO, J. This action is brought upon two promissory notes drawn in solido by the defendants, each note for the sum of $11,733 25, dated January 16, 1862, and payable, respectively, twelve and twenty-four months after date, with interest at eight per cent. per annum from date; one of the notes being subject to a credit of one thousand dollars

A. B. Hughes, Administrator, v. R. T. Stinson et al.

paid on the twenty-fifth of July, 1863. The payment of these notes are secured by mortgage and vendor's privilege on certain lands described in the petition. There was judgment rendered as prayed for, with recognition of mortgage and privilege upon the lands. From this judgment the defendants appealed.

The defense set up is that the land purchased and for which the notes were executed was sold at a probate sale under and by virtue of orders from a pretended court, which, with all its officers, held their assumed powers from the insurgent authorities then in rebellion against the government of the United States, and that the proceedings had under the illegal authority in relation to the sale of the property, the appointment of an administrator, etc., are null and void, and that the defendants being without title are not bound for obligations having no legal effect.

It is proper to remark that this suit was instituted in August, 1865, and the appeal taken from the judgment was filed in this court at the August term 1866.

The constitution of this State adopted in 1868 provides by article 149 that "all judgments and judicial sales, marriages, and executed contracts made in good faith and in accordance with existing laws in this State, rendered, made or entered into between the twenty-sixth day of January, A. D., 1861, and the date when this constitution shall be adopted are hereby declared to be valid," except certain legislative acts enumerated in that article.

We think the proceedings had in regard to the sale of lands purchased by defendants as well as the judgment rendered against them were conducted in good faith and in accordance with existing laws of the State, and that they are consequently legalized by the provisions of article 149 of the present State constitution.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.